UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **LEON A. MORRIS**, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:22-cv-222 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| **GLOBE LIFE INSURANCE COMPANY**, *et al.*, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| | : | |
| Defendants. | | |

---

**ENTRY AND ORDER OVERRULING PLAINTIFF'S PENDING OBJECTIONS TO REPORT AND RECOMMENDATIONS (DOC. NO. 17); ADOPTING THE PENDING REPORT AND RECOMMENDATIONS (DOC. NO. 16); AND, DENYING PLAINTIFF'S MOTION REQUESTING APPOINTMENT OF COUNSEL (DOC. NO. 18)**

---

This case, brought *pro se* by Plaintiff Leon Morris ("Morris"), alleges claims for damages against Defendant Globe Life Insurance Company ("Globe Life") and Defendant Verlean Morris ("Verlean") related to an insurance policy for his deceased son. Morris asserts that his claims are for the violation of his federal rights and the unconstitutional conduct of the Defendants. (Doc. 17 at PageID 91-92.) Morris further states that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(A)(3). (Doc. No. 1-1 at PageID 6.) Before the Court are Morris' Objections (Doc. No. 17) to the Magistrate Judge's Order and Report and Recommendation (Doc. No. 16). Also, before the Court is Morris' Motion Requesting Appointment of Counsel, which was filed after the Report and Recommendations were issued. (Doc. No. 18.)

As required by Fed. R. Civ. P. 72, the Court has considered *de novo* each part of the Report and Recommendations to which Morris objected and concludes that Morris' objections are without merit.

1

The Magistrate Judge found that Morris' claims "lack any rationale or arguable basis in fact." (Doc. No. 16 at PageID 86.) Specifically, Morris does not allege that Globe Life actually cancelled the insurance policy at issue or how much that policy was worth. (Doc. 1-1 at PageID 5-7.) Morris' Complaint and Objections generally state that his Constitutional rights have been violated, but never ties any facts to any violation of a particular right or a violation of any federal law. (Doc. No. 1-1 at PageID 7-8; Doc. No. 17 at PageID 90-92.) The Court agrees with the Magistrate Judge's recommendation and finds that Morris cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989).[1]

Accordingly, Morris' Objections are overruled, the Court **ACCEPTS** the findings and recommendations made by the Magistrate Judge, and the Order and Report and Recommendations (Doc. No. 16) are **ADOPTED**. Morris' Motion Requesting the Appointment of Counsel (Doc. No. 18), which was filed after the Report and Recommendation was issued, is **DENIED**. The Clerk is directed to enter judgment dismissing this action with prejudice. As reasonable jurists would not disagree with this conclusion, Morris is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, February 15, 2023.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The Magistrate Judge also found that this Court does not have subject matter jurisdiction because Morris has not stated a federal question giving rise to jurisdiction under 28 U.S.C. §§ 1331 and 1343(A)(3). The Court finds no need to reach this question. Moreover, Verlean is a citizen of Ohio, therefore diversity jurisdiction does not exist under 28 U.S.C. § 1332. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).